UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:13-CR-383-1 |
| | § | |
| SYLVIA SALINAS RAMIREZ | § | |

## ORDER

Pending before the Court is Sylvia Ramirez' Motion to Change Method by Which Balance of Sentence Is Served. D.E. 68. The motion is DENIED.

Ramirez was sentenced in December 2013 after her plea of guilty to Counts One and Eight of a 15 count indictment for healthcare and wire fraud. D.E. 61. She was sentenced to 41 months in the Bureau of Prisons on each count to run concurrently and to be followed by three years on supervised release. Id.

Ramirez seeks an order allowing her to serve the balance of her sentence on home confinement or in a halfway house. She claims she seeks this relief due to her custody of her 14 year old daughter and the need to care for her mother who needs dialysis. She seeks early release or a reduction in her sentence.

A federal court generally "may not modify a term of imprisonment once it has been imposed." Dillon v. United States, 560 U.S. 817, 819 (2010); see also Freeman v. United States, 131 S.Ct. 2685, 2690-91 (2011) (reciting standard for sentence modifications). This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Ross, 557 F.3d 237, 238 (5th Cir. 2009); United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are: (1) upon a motion for reduction by the Director of the Bureau of Prisons, after review of the

relevant statutory factors, if there are "extraordinary and compelling factors" warranting such a reduction; (2) to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; and (3) if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission and such a reduction would be consistent with the Commission's policy statements. Ross, 557 F.3d at 238; 18 U.S.C. § 3582(c). None of these provisions are implicated by Salinas' motion. United States v. Lawton, 2011 WL 5506282, *2 (D. Kan., Nov. 10, 2011) (designated unpublished).[1]

Furthermore, the Bureau of Prisons has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(B).

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable . . . .

Id.

Ramirez relies upon 42 U.S.C. § 13882 as authority for her request for home confinement. That provision is part of the Family Unity Demonstration Program which encouraged state and federal facilities to develop residential facilities to be used for eligible offenders and their children under 7 years of age. By the very terms of the program, Ramirez does not qualify.

---

[1] The possible application of 42 U.S.C. § 13882 to Defendant's situation is of no consequence. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." When a request for sentence reduction is not a direct appeal or collateral attack under 28 U.S.C. § 2255, the viability of the motion depends entirely on 18 U.S.C. § 3582(c) or Fed. R. Crim. P. 36.
Id.

The federal portion of the program grants to the Attorney General, acting through the Director of the Bureau of Prisons the authority to select eligible prisoners. 42 U.S.C. § 13901(a). This program does not relieve the Bureau of Prisons of its exclusive authority to determine the appropriate facility for each prisoner, not does it grant this Court the authority to modify a sentence. See United States v. Goforth, 2010 WL 3167359 at *1 (W.D.N.C., Aug.9, 2010) (designated unpublished) ("no portion of [section 13901] authorizes a sentencing court to modify a sentence once imposed."); see also United States v. Wright, 2008 WL 4219076 at *1 (D. Utah, Sept. 15, 2008) (designated unpublished).

Ramirez' motion (D.E. 68) is DENIED.

SIGNED and ORDERED this 9th day of June, 2014.

_____
Janis Graham Jack
Senior United States District Judge